**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Elsie Jones, | : | Case No.  23-12363 (PMM) |
| | : | |
| Debtor. | : | |

**O P I N I O N**

### I.  INTRODUCTION

Before this Court is the Application for Compensation and Expenses (the "Application") of counsel, Michelle Lee, Esquire ("Counsel") who represented chapter 13 Debtor Elsie Jones (the "Debtor").  Counsel's Application seeks allowance of compensation in the amount of $7,000.00 and reimbursement of expenses of $85.00.  For the reasons set forth below, fees will be reduced by $1,500.00.  Accordingly, the Application will be approved in the amount of $5,500.00 in compensation and $85.00 in the amount of expenses.

### II. JURISDICTION AND VENUE

Venue in this District and Court is proper pursuant to 28 U.S.C. §§1408 and 1409. Jurisdiction over this matter is proper pursuant to 28 U.S.C. §1334(b).  This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

### III. BACKGROUND

On August 7, 2023, Elsie Jones filed for chapter 13 relief under the Bankruptcy Code. Counsel's initial 2016(b) disclosure of compensation agreed to provide legal services to the Debtor for a flat fee of $7,000.00, of which $687.00 was paid to Counsel prior to the filing of the Debtor's

case.[1,2] Doc. #11. The $7,000.00 flat fee includes the following services: (a) "[a]nalysis of the Debtor's financial situation . . . ;" (b) "[p]reparation and filing of any petition, schedules, statement of affairs and plan . . . ;" (c) "[r]epresentation of the debtor at the meeting of creditors and confirmation hearing, and any [other] hearings . . . ;" and (d) "exemption planning[,] preparation and filing of reaffirmation agreements and applications as needed[, and] retrieval of vehicle from [repossession]." Counsel charges fees at her customary rate of $375.00 an hour for certain additional services.[3]

Despite filing a chapter 13 repayment plan, the Debtor is an individual of modest means. As a retiree, she earns no employment income and maintains minimal assets. Docs. # 11, 19, 20. The Debtor's original Schedule I shows only Social Security income and veterans disability benefits. Doc. #11. Because neither of these sources of income is included in the definition of "current monthly income," under 11 U.S.C. §§101(10A) and 1325(b)(2), they are not considered when determining if the case involves a below or above median income individual, nor whether further income analysis is required to compute projected disposable income for purposes of the chapter 13 plan. Accordingly, the Debtor's Form 122C-1 classifies the Debtor as below median income and states a current monthly income of $0.00.[4] Doc. #10. The Debtor's only assets are a

---

[1] While the Debtor's Chapter 13 case was filed by Georgette Miller, the Debtor retained both Ms. Miller and Ms. Lee of Dilworth Paxon LLP as her counsel. However, Ms. Miller's representation of the Debtor terminated on February 1, 2024. See doc. #25.

[2] On August 3, 2023, the Debtor and Counsel executed a retainer agreement in which Counsel agreed to provide the Debtor representation in the filing of her Chapter 13 petition. Doc. #38. Under the agreement, Counsel agreed to provide services for a total fee of $7,000.00 at a rate of $375.00 an hour and Counsel's paralegal at a rate of $180.00 an hour. Id.

[3] The following services are excluded from Counsel's $7,000.00 flat fee: (a) representation of the debtors in any dischargeability action; (b) loan modifications; (c) refinancing of mortgages; (d) judicial lien avoidances; (e) relief from stay actions; (f) motions to dismiss for failure to make payments; (g) motions to determine value; (h) objections to claims; (i) sale of property; (j) or any other adversary proceeding or post-confirmation work. Doc. #11.

[4] Although the Debtor later amended her Schedule I to include a small monthly pension of $107.37, this income would not change the means test calculation nor require any additional work to define the Debtor's income for purposes of the Chapter 13 plan payments to be distributed to general unsecured creditors. Docs. #10, 19.

2

time share, a vehicle with a fair market value of $5,106.00, and personal property and bank accounts of nominal value. Doc. #20.

A review of the docket reveals that the Debtor's case has been uneventful. No motions or contested matters have been filed. The Debtor's initial chapter 13 plan was met with an objection from secured creditor Franklin Mint Federal Credit Union ("Franklin"). However, after the Debtor amended her schedules and plan, Franklin withdrew its objection, and I confirmed the Debtor's amended plan on February 13, 2024. Docs. #9, 16, 19, 20, 22, and 28.

The Debtor's confirmed chapter 13 plan provides for a base payment of $19,500.00 over 60 months. Doc. #21. Of that amount, the Debtor will pay $10,786.20 toward the satisfaction of Franklin's secured claim on the Debtor's vehicle and $6,313.00 for Counsel's fees. Doc. #21. At the time of confirmation, Counsel's fees comprised almost a third of the plan's base.

Counsel timely filed her Application seeking fees in the amount of $7,000.00 and expenses in the amount of $85.00.[5] Doc. #30. On May 8, 2024, after notice, I heard Counsel's arguments in support of her Application and the chapter 13 Trustee's objections thereto. Doc. #39, May 8, 2024 Hearing Transcript ("Tr."). Counsel expended 30 hours on pre-confirmation services which can be divided into two (2) categories: (a) the "the customary services of counseling and representing the [ ] debtor[]" and (b) efforts made in recovering the Debtor's repossessed vehicle. Doc. #30; Tr. at 4-6.

---

[5] The original application included timesheets evidencing 30 hours of attorney time at an hourly rate of $350.00 -- for a total of $10,500.00. Doc #30-4. An amended Exhibit B was filed on April 22, 2024, which included all attorney time billed at the rate of $375.00 per hour and paralegal time billed at $185.00 per hour, for a total of $11,250.00 in attorney time and $1,813.00 in paralegal time. However, in the current and pending Application, Counsel seeks a reduced total award of $7,000.00 in attorney's fees at an hourly rate of $375.00.

3

According to Counsel, the Debtor's recovery of her vehicle and repayment of its secured lien through the plan was the main purpose of the filing. Tr. at 6. Counsel's recovery efforts resulted in 10 hours of billable work at a rate of $375.00 an hour.[6]

### IV.  RELEVANT BACKGROUND LAW

This Court has an affirmative duty to review all fee applications before it. In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994); In re Jeffery, 2023 WL 7220759, at *3 (Bankr. E.D. Pa. Nov. 2, 2023); In re Creedon, 661 B.R. 55, 58 (Bankr. E.D. Pa. 2024).

Under Federal Rule of Bankruptcy Procedure 2016, counsel seeking an award of compensation for services or reimbursement of expenses "shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules of this District set forth certain "no look" fee amounts which dictate the manner in which fee applications are analyzed and approved. L.B.R. 2016-3(a)(1)-(2). To the extent that counsel seeks fees either at or below the "no look" amounts in an above or below median case, a short form application which does not include time sheets may be filed or counsel can seek approval through the confirmation process by including a certification of the fees in the form plan. Id. Where counsel seeks fees above the "no look" amounts in an above or below median case, counsel must "file a long form application that conforms substantially to [Local Bankruptcy Form] 2016-3B." Id. at (a)(3). Unlike other Districts, the "no-look" fee threshold under the Local Rules does not act as a floor or ceiling. See id. at (a)(1)-(3). Rather, the "no-look" amount merely acts as a guidepost for this Court when assessing reasonable fees.

---

[6] While the fee agreement states that Counsel's paralegal would bill at a rate of $180.00 per hour, Counsel's billing entries indicate her paralegal billed at a rate of $185.00 an hour. Compare doc. # 38, with doc. #35. But, as stated, Counsel's Application does not seek fees for her paralegal's time.

4

Section 330 of the Bankruptcy Code provides that this Court has the power to award debtor's counsel "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1). The burden of proving counsel's services are compensable rests on the fee applicant. Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 261 (3d Cir. 1995).

The standard for allowance of counsel's fees requires this Court to "consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—"

    (A) the time spent on such services;

    (B) the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

The Third Circuit requires the Court to calculate Chapter 13 counsel's fees using the lodestar method. Busy Beaver, 19 F.3d at 849, 856; Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp., 487 F.2d 161, 168 (3d Cir. 1973). Under the lodestar method, the Court multiplies a reasonable hourly rate of an attorney's compensable services by the number of hours spent on such services. Busy Beaver, 19 F.3d at 849 n.21. Not all services are compensable and

5

administrative tasks should be billed at an appropriate rate. Busy Beaver, 19 F.3d at 855; In re Strauss, 2023 Bankr. LEXIS 841, at *14 (Bankr. M.D. Pa. Mar. 31, 2023) (citing In re Szymczak, 246 B.R. 774, 782 (Bankr. D. N.J. 2000)); see also In re Yovtcheva, 590 B.R. 307, 315 (Bankr. E.D. Pa. 2018) (noting administrative tasks should be appropriately billed).

The Court need not "become enmeshed in a meticulous analysis of every detailed facet of" counsel's representation. Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros, 540 F.2d at 116). This Court's role is to prevent "*reasonably discernable* abuses" in a counsel's fee application. Busy Beaver, 19 F.3d at 845 (emphasis added). The Court's review of a fee application will contemplate two broad considerations: (1) the underlying equities of the debtor's case and issues presented to counsel; and (2) the reasonableness and necessity of the specific tasks counsel undertook to address those issues. See In re Kyung Tae Ko, 560 B.R. 245, 250-51 (Bankr. E.D. Pa. 2016).

## V. DISCUSSION

Where counsel seeks fees in excess of the "no look" amount, as discussed above, a long form application must be filed and analyzed by the Court. See L.B.R. 2016-3(a)(3). Here, Counsel seeks a flat fee of $7,000.00 for time spent on certain standard pre-confirmation activities, i.e. meeting with the Debtor and analyzing the debt structure, preparing the petition, schedules and plan, and representing her at the 341 and confirmation hearings. Docs. #11, 38. Counsel also includes retrieval of the Debtor's vehicle in this list of services. However, Counsel excludes all motions for relief from stay and motions to dismiss from this base fee. As a result, the Court must analyze the work performed for the flat fee as well as any additional work done on an hourly basis using the lodestar method outlined above.

At the outset, I note that a standard below median chapter 13 case which does not involve any objections to claims, adversary proceedings, or complex income determinations will generally require approximately eight (8) to ten (10) hours of attorney time to get the case to confirmation. I base this estimate on my over twenty (20) years of experience as a consumer practitioner before taking the bench. This eight (8) to ten (10) hours would include all of the items listed in Counsel's 2016(b) disclosure as "included services" and would still allow a few hours of time for defending and/or settling a trustee's motion to dismiss or creditor's motion for relief. Although the estimate does not include time spent on turnover of a vehicle that had been repossessed prepetition, I struggle to find any meaningful complexities in the Debtor's case that warrant fees in the amount of $7,000.00, an amount which equates to roughly nineteen (19) hours of work at Counsel's hourly rate of $375.00 an hour. This is almost double the number of hours required in a standard case.

The Debtor's case presented a single issue: she was to file her chapter 13 petition to regain possession of her vehicle and repay its secured loan through the plan.[7] No contested matters or adversary proceedings were initiated in this case and aside from the Debtor's car, she owns no property of consequence and maintains minimal unsecured debt.[8]

In less than 200 days from the Debtor's filing, her chapter 13 plan was confirmed with little incident. During that period, the Debtor's case resembled that of most run-of-the-mill chapter 13 filings: the Debtor filed her proposed plan; it was met with the objection of secured creditor Franklin; Debtor amended her plan and schedules; and I thereafter confirmed the plan. Docs. #9, 16, 19, 20, 21, and 28. Generally, where a debtor's case requires no more substantive legal work than the average chapter 13 case, a higher than usual fee may not be reasonable. See Kyung Tae

---

[7] I credit Counsel's argument that the Debtor's personal disposition and attitude towards her filing required Counsel to afford the Debtor more attention than most clients. However, in reviewing the timesheets, I am unconvinced that the amount of billing was reasonable given the equities of the case.
[8] Section 2(e) of the Debtor's confirmed plan estimates total payments to general unsecured creditors in the amount of $450.80.

Ko, 560 B.R. at 252 (noting higher fees than usual may be reasonable where a Chapter 13 debtor's counsel litigated several contested matters that went beyond "basic services"); see also In re Szymczak, 246 B.R. 774, 782 (Bankr. D.N.J. 2000) ("Chapter 13 debtors are typically charged additional legal fees for such matters as the defense of a motion to lift the automatic stay, objections to claims, cramdown of undersecured mortgages, and settlement of objections to confirmation.").

I now turn to the billing entries that Counsel filed in support of her Application and the underlying equities of the Debtor's case. Docs. #30, 35. While I need not engage in a line-by-line review of the Application, the lack of clarity and organization in Counsel's billing entries would preclude such a cumbersome analysis. See Busy Beaver, 19 F.3d at 845. As this Court has repeatedly found, "both the billing and fee review process are more [of an] art than science." Creedon, 661 B.R. at 58 (quoting Kyung Tae Ko, 560 B.R. at 250-51).

Counsel submits that she expended 30 hours at a rate of $375.00 per hour in providing pre-confirmation services to the Debtor. Doc. # 30. Counsel's hourly rate of $375.00 is slightly higher than average in this District. While I find that Counsel possesses the necessary experience and aptitude to command her current rate, such a rate also imposes on Counsel a duty to act with the utmost billing judgment in administering a debtor's bankruptcy case. Counsel is obligated to delegate the basic, administrative aspects of the Debtor's case to her paralegal and refrain from unrestrained billing practices pertaining to ancillary aspects of the Debtor's case. See Busy Beaver, 19 F.3d at 855 (quoting In re Vogue, 92 B.R. 717, 718 (Bankr. E.D. Mich. 1988)) (noting where "an experienced attorney does clerk's work, he or she should be paid clerk's wages.").

I find that Counsel failed to exercise such judgment in the 10 hours she expended towards the recovery of the Debtor's vehicle. Upon learning that Franklin repossessed the Debtor's car, Counsel very well could have incurred further fees in commencing a motion to compel its turnover.

8

I credit Counsel for taking the necessary steps in avoiding a turnover action and thoroughly communicating with Franklin's counsel—both of which led to the vehicle's eventual recovery.

However, Counsel seeks payment for work which is ancillary to the procurement of the Debtor's car. These efforts provided the Debtor with  - at most - a negligible benefit. Many of these billing entries are for *de minimis* amounts of time and include non-essential communications and administrative tasks taken on the Debtor's behalf.[9]  I do not doubt that Counsel has the Debtor's best interest in mind when performing such services. But, in the aggregate, Counsel's efforts have a substantial effect on the bankruptcy estate and consume the already limited resources of the Debtor.  In other words, Counsel aggressively overbilled at small time increments for relatively simple tasks.  As indicated above, I recognize that Counsel voluntarily reduced her fees by eliminating the billing for work done by her paralegal as well as by reducing the amount sought for her own work by approximately $4,250.00.  However, I am unconvinced that the nearly 20 hours of time that is the subject of the fee application is reasonable considering the facts, purpose, and outcome of this case.

It is incumbent on a chapter 13 debtor's counsel to make a good-faith effort to avoid fees that are excessive or otherwise unnecessary. Szymczak, 246 B.R. at 782-83.  Incurring significant fees in a below median chapter 13 case is not *per se* impermissible, but the Court has an obligation to protect the Debtor and the bankruptcy estate from "overreaching attorneys." Busy Beaver, 19 F. 3d at 844.  Counsel is well aware that the Debtor is an individual of limited means and that any amount owed for her services would only aggravate the Debtor's mounting financial obligations.

---

[9] Examples of such "ancillary" services include informal communications with the Debtor and her family members and coordinating the "pick-up" of Debtor's repossessed vehicle.  Doc. #35.  Such work should have been delegated to Counsel's paralegal or Counsel should have otherwise refrained from including these billing entries in her Application.

9

That is not to say Counsel should not be fairly compensated for her services. But an inflated fee application skews the balance of equities in a chapter 13 bankruptcy petition.

In sum, simple cases call for solutions that are not complicated. Based on my experience as a consumer bankruptcy attorney and judgment as a judicial officer of this Court, I find that Counsel failed to meet her burden that many of the services rendered were reasonable and necessary under 11 U.S.C. §330(a). Therefore, Counsel's fees under the Application will be reduced in the amount of $1,500.00.

## VI. CONCLUSION

Based upon the foregoing, I will allow fees of $5,500.00 and reimbursement of expenses of $85.00 for a total compensation of $5,585.00 to Counsel under its Application. An order will follow.

**Date: August 26, 2024**

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**